**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MUNISH CHADHA and CERNO
TECHNOLOGIES PVT. LTD. INDIA,

                          Plaintiffs,                                          **ORDER**

           -against-                                                    CV 16-3739 (ENV) (AKT)

TECH MATRIX INFOSOLUTIONS, INC.,
CERNO TECHNOLOGIES, INC., SANJAY
CHADHA, and SANTUSHT BHATIA,

                          Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

As counsel in this case are aware, the docket reflects that, technically, there are two

pending motions for damages and a permanent injunction that have been referred to this Court

for a Report and Recommendation: the motion filed on the docket at DE 95, and the second

motion filed at DE 113. As set forth below, the Court is terminating DE 95 as moot and limiting

its consideration exclusively to Plaintiffs' motion filed at DE 113 (along with Defendants'

respective opposition papers).

On October 1, 2018, Plaintiff filed a motion for default judgment against the non-

answering Defendants in this case. *See* DE 95. Judge Bianco issued an Order on December 18,

2018 granting Plaintiffs' motion for default judgment as to liability and referring the motion to

this Court for a Report and Recommendation on the issue of damages.[1] *See* DE 100. No

opposition to Plaintiffs' motion was ever filed. However, approximately two months later, on

February 14, 2019, Attorney Steve Altman filed a letter with the Court stating that he had been

retained to represent the Defendants and that he was requesting "an opportunity to be heard in

---

[1] The case was subsequently reassigned to District Judge Eric N. Vitaliano. On
March 8, 2019, Judge Vitaliano also referred DE 95 to this Court for a Report and
Recommendation. *See* March 8, 2019 Electronic Order.

connection with" Plaintiffs' pending motion.  *See* DE 105. On February 15, 2019, this Court

issued an Order requesting clarification from Attorney Altman as to "whether [he] is seeking to

vacate the default, or whether he wants to be heard solely as to damages."  February 15, 2019

Electronic Order.

It was not until a month later -- March 13, 2019 -- when Attorney Altman filed a letter

with the Court "request[ing] an opportunity to submit a written opposition to Plaintiff's motion,

and request[ing] that [he] be given until April 15, 2019 to do so."  DE 107.  The letter did not

address the Court's question raised in the February 15, 2019 Electronic Order.  The next day,

Plaintiffs' counsel filed an opposition to what he characterized as a "woeful and untimely

request" to oppose the motion.  DE 108.  Following that submission, the next day Attorney

Altman submitted a letter stating that "Defendants request only to be heard on damages at this

time."  DE 109.  The Court then scheduled a telephone conference for March 22, 2019 to address

the Defendants' request and Plaintiffs' opposition.  *See* March 22, 2019 Electronic Order.

During that conference, after hearing from both sides, the Court set a briefing schedule "on the

amount of damages to which Plaintiffs assert they are entitled."  DE 110.  The motion was set to

be fully briefed by May 31, 2019.  *See id.*  The fully briefed motion was subsequently filed

between May 21 and May 31, 2019.  *See* DE 111-114.  Shortly after the filing of Plaintiffs'

motion, Defendants requested leave to submit a limited sur-reply limited.  *See* DE 116.  Based on

the grounds for the request, the Court granted the application and the sur-reply was filed on

June 12, 2019.  *See* DE 117.

On June 3, 2019, Judge Vitaliano again referred Plaintiffs' motion for damages to this

Court for a Report and Recommendation.  *See* Electronic Order dated June 3, 2019; footnote 1,

*supra.* The Court must now reconcile the original version of Plaintiffs' motion for default

judgment and damages filed at DE 95, with Plaintiffs' second motion filed at DE 113.  In light of

the fact that Plaintiffs' motion at DE 95 was filed prior to both the appearance of Defendants'

counsel in the action and the subsequent briefing on the issue of damages, the Court in its

discretion is terminating DE 95 as moot. The Court will limit its consideration to Plaintiffs'

motion and Defendants' opposition filed at DE 111 – 117 since these papers contain all relevant

filings in connection with and in opposition to Plaintiffs' claim for damages and attorneys' fees.


**SO ORDERED.**

Dated: Central Islip, New York
      August 21, 2019

                   /s/ A. Kathleen Tomlinson
                   A. KATHLEEN TOMLINSON
                   United States Magistrate Judge