UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
MUNISH CHADHA and :
CERNO TECHNOLOGIES PVT. LTD., :
 :
                                     Plaintiffs, :   MEMORANDUM AND ORDER
 :
            -against- :   2:16-CV-3739 (ENV) (AKT)
 :
SANJAY CHADHA, :
SANTUSHT BHATIA :
TECH MATRIX INFOSOLUTIONS, INC., and :
CERNO TECHNOLOGIES, INC., :
 :
                                     Defendants. x
------------------------------------------------------------

VITALIANO, D.J.

      Munish Chadha ("Munish")[1] and Cerno Technologies Pvt. Ltd. ("CT India") (collectively "plaintiffs") commenced this action against Sanjay Chadha ("Sanjay"), Santusht Bhatia ("Santusht"), Tech Matrix Infosolutions, Inc. ("Tech Matrix"), and Cerno Technologies, Inc. ("CT, Inc."), alleging violations of the Copyright Act, Defense of Trade Secrets Act ("DTSA"), and state law claims, including breach of contract and fraud. *See generally* Amended Complaint, Dkt. 75. On December 18, 2018, Judge Bianco ordered a default judgment on the issue of liability in favor of plaintiffs, but referred the calculation of damages and the request for a permanent injunction to Magistrate Judge A. Kathleen Tomlinson. Dkt. 100. Before the Court is the March 2, 2020, Amended Report and Recommendation ("R&R") of Judge Tomlinson,

---

[1] The parties are referenced by first name rather than surname because there are multiple parties with the same surname.

1

Dkt. 121, which recommended that plaintiffs' motion for default judgment and entry of permanent injunction be granted in part and denied in part. R&R at 3. Judge Tomlinson recommended that Munish's request for $100,000 in damages against Sanjay for the breach of a 2012 agreement between the parties, as well as pre-judgment interest, post-judgment interest, and a permanent injunction enjoining Defendants from infringing on or using plaintiffs' copyrights or trade secrets, be granted. *Id.* at 35. Judge Tomlinson recommended that all other requests for damages be denied, although plaintiffs should be granted leave to amend their request for attorneys' fees and costs. *Id.* On May 27, 2020, plaintiffs filed timely written objections to portions of the R&R, and on July 7, 2020, defendants responded.[2] *See* Dkts. 125 ("Objection"), 129 ("Response to Objection"). No objections to the R&R were made by any defendant. For the reasons that follow, the R&R is adopted in its entirety as the opinion of the Court.

Background

The Court presumes the parties' familiarity with the procedural history and underlying facts, which relate to a series of business disputes between plaintiffs and defendants occurring

---

[2] Rule 72(b) does not permit reply briefing unless filed with leave. Plaintiffs have neither sought nor received leave, and the reply briefing filed on July 14, 2020 (Dkt. 130) will not be considered in conjunction with plaintiffs' objections to the R&R. *See Duncan v. Cigna Life Ins. Co. of New York*, No. 10-CV-1164 SJF ARL, 2011 WL 6960621, at *1 (E.D.N.Y. Dec. 30, 2011), *aff'd*, 507 F. App'x 61 (2d Cir. 2013); *In re MTC Elec. Techs. S'holder Litig.*, 74 F. Supp. 2d 276, 281 (E.D.N.Y. 1999).

over the period from 2012 to 2015. Because Judge Bianco has already entered a default judgment in favor of plaintiffs as to liability, Dkt. 100, the Court is bound by the allegations in plaintiffs' amended complaint and must accept them as true. *Arroyo v. Frontline Asset Strategies, LLC*, No. 13 CV 195 BMC, 2013 WL 1623606, at *1 (E.D.N.Y. Apr. 15, 2013) ("In light of defendant's default, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true.").

In 2012, Munish Chadha entered into a verbal business agreement (the "2012 Agreement") with his cousin Sanjay Chadha to form Tech Matrix. R&R at 3-4. Munish and Sanjay agreed to share ownership and profits of Tech Matrix equally. *Id.* at 4. In late 2013, a bookkeeper at Tech Matrix advised Munish that Sanjay had been transferring profits to himself rather than evenly distributing the profits in accordance with the 2012 Agreement. *Id.* Furthermore, Sanjay had unilaterally made himself the sole principal and owner of Tech Matrix. *Id.*

In 2014, Munish, Santusht Bhatia, and Guarav Sharma (a non-party) entered into a verbal agreement ("2014 Agreement") to form a company, CT India. *Id.* at 5. Under the 2014 Agreement, the three served as directors and shareholders of CT India. *Id.* In 2014, Santusht developed two software applications known as CT Live and CT Legal. *Id.* Sanjay and Santusht allegedly colluded to launch CT Live and CT Legal through another company, CT, Inc. *Id.* at 6. Santusht ceased working for CT India and began working for CT, Inc., taking the source codes

3

for the two applications and several of CT India's employees with him. *Id.* Santusht has since launched and operated CT Live and CT Legal without the consent of CT India. *Id.*

Munish brought a criminal action against Sanjay and Santusht in India, and the parties reached a settlement agreement in 2015 (the "2015 Settlement Agreement"). *Id.* However, Defendants only tendered one payment of $18,500 out of the six agreed-upon payments and failed to pay the rest. *Id.*

Plaintiffs filed an amended complaint on February 13, 2018, alleging violations of the Defend Trade Secrets Act ("DTSA"), Copyright Act, and state law claims for breach of contract, fraud, breach of fiduciary duty, breach of duty of loyalty, conversion, tortious interference with contracts, unjust enrichment, and an account stated. *Id.* at 8. Defendants failed to answer or respond. *Id*. On December 18, 2018, Judge Bianco granted plaintiffs' motion for default judgment as to liability only. *Id.* Judge Bianco referred the remainder of the motion to Magistrate Judge Tomlinson for an R&R on the issue of damages and injunctive relief. *Id.* Defendants obtained counsel, who appeared in this action on February 14, 2019, and requested to be heard on plaintiffs' pending motion on the issue of damages. *Id.* Plaintiffs re-filed their motion for default judgment and permanent injunctive relief on May 31, 2019. *Id.* at 9.

4

Plaintiffs seek $855,000 in damages, $131,701.50 in attorney's fees, $967 in costs, pre-judgment and post-judgment interest, and permanent injunctive relief.[3] *Id.* at 10.

## Standard of Review

In reviewing a magistrate judge's report and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge need only be satisfied "that there is no clear error on the face of the record" to accept the report and recommendations, provided no timely objection has been made in writing. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

The district judge, on the other hand, is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Significantly, though, objections that are general or conclusory, or that "merely recite the same arguments presented to the magistrate judge," do not constitute proper written objections and are reviewed only for clear

---

[3] Specifically, plaintiffs seek statutory damages in the amount of $150,000, pursuant to DTSA; $150,000 in statutory damages, pursuant to the Copyright Act; $330,000 in compensatory damages arising from the 2012 Agreement; $100,000 in compensatory damages arising from the 2014 Agreement; $25,000 in compensatory damages arising from the 2015 Settlement Agreement; and $100,000 in punitive damages in connection with the fraud claims. *See* Pl.'s Mem., Dkt. 95.

5

error. *Sanders v. City of New York*, No. 12-CV-0113 (PKC) (LB), 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195 (RRM) (RLM), 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

## Discussion

Plaintiffs principally argue that the R&R is wrong on the law and an award of damages should have been recommended for a greater number of plaintiffs' claims. Specifically, they argue that Judge Tomlinson erred in only recommending an award of damages against Santusht for his breach of the 2014 Agreement, rather, they contend damages should have been awarded against all defendants. Plaintiffs also argue that they should be awarded attorneys' fees and costs. Plaintiffs' objections are reviewed *de novo*.[4]

---

[4] Plaintiffs have not objected to: (1) Judge Tomlinson's finding in part IV.A that statutory damages cannot be awarded under the Copyright Act or DTSA; (2) the finding in part IV.B that punitive damages cannot be granted in connection with defendants' fraudulent activities; (3) the recommendations in parts IV.C and D that pre-judgment and post-judgment interest be granted; or (4) the recommendation in Part IV.F that a permanent injunction enjoining defendants from engaging in future infringement and use of plaintiffs' copyrights and trade secrets be granted. Therefore, these sections of the R&R are reviewed for clear error. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Consonant with that standard, the Court finds the rulings to be correct, well-reasoned and free of any clear error.

6

A. <u>The Liability Finding</u>

In a nutshell, plaintiffs argue that, because of the finding by the district judge of liability against all defendants in deciding plaintiffs' motion for default judgment, the magistrate judge conducting an inquest on damages was not free to revisit that liability finding and absolve some of those defendants from liability, which they claim is what Judge Tomlinson did in her R&R when she assessed damages only against Santusht. Objection at 8. Following this argument to its logical conclusion, it was error for Judge Tomlinson to order anything other than the $100,000 in damages specified in plaintiffs' damages chart against all defendants jointly and severally. *Id.* This argument is fallacious.

In particular, the argument advanced by plaintiffs overlooks well-settled law in the Second Circuit, holding that "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Even where default has been entered, the plaintiff still has the burden of establishing damages through evidentiary proceedings in which the defendant can contest the amount. *Id.* As plaintiffs themselves quoted, "[in a default judgment,] the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); Objection at 7.

7

With regard to the 2014 Agreement, plaintiffs have presented no evidence to establish damages against any defendants other than Santusht. Plaintiffs argue that Santusht and Sanjay should be held jointly and severally liable for damages because they colluded to oust Munish from CT India and form CT, Inc., and following this ouster, Sanjay and Santusht agreed to remit payment to Munish as part of the 2015 Settlement Agreement.[5] Objection at 8. That is what they say now, but those facts are not pleaded anywhere in the amended complaint upon which default judgment was entered.

Indeed, according to plaintiffs themselves, the capital investment for the 2014 Agreement was made between Munish, Santusht, and Sharma (a non-party to this lawsuit); *not* Sanjay. *Id.* at 9. Because Sanjay was not a party to the 2014 Agreement, damages arising from the agreement cannot be awarded against him. *See* Amended Complaint at ¶ 21. Moreover, Judge Bianco and Judge Tomlinson have, throughout this case, declined to recognize any rights or remedies arising from the 2015 Settlement Agreement. R&R at 16; *see* Dkts. 59, 73. Therefore, because plaintiffs' argument is not grounded in legal authority or supported by new evidence, their claim fails.

---

[5] Plaintiffs' Objection refers to the 2015 Settlement Agreement as the 2014 Settlement Agreement.

8

B.     Damages for Breach of Contract

Plaintiffs' argument that Magistrate Judge Tomlinson incorrectly denied their request for damages against Sanjay and Tech Matrix's breach of contract meets the same fate. Objection at 9. Plaintiffs object to the finding that they have not offered admissible proof to establish their claim of damages against these defendants, a corollary to Judge Tomlinson's rejection of plaintiffs' proffer of the Quickbooks ledger, which was not properly attached to any sworn declaration before the court. R&R at 19. Critically, plaintiffs' written objection on this point is not proper, as it "merely recite[s] the same arguments presented to the magistrate judge." *Sanders v. City of New York*, No. 12-CV-0113 (PKC) (LB), 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted). As such, it may be reviewed only for clear error.

In any case, plaintiffs have failed to call Judge Tomlinson's evidentiary ruling into question or to substantiate their claim for damages from Sanjay and Tech Matrix for breach of contract with any admissible evidence.[6] Without evidentiary support for an award of damages on these claims, their objection fails. Judge Tomlinson's denial of damages against Sanjay and Tech Matrix is sustained.

---

[6] Furthermore, plaintiffs' request for $82,500 in damages, or approximately half of what Sanjay withdrew from Tech Matrix's corporate account for his personal expenses, is merely a back-of-the-envelope estimate that is unsupported by legal authority. In the absence of supporting legal authority, Plaintiffs cannot prevail on this claim. *See Thalle Const. Co. v. Whiting-Turner Contracting Co.*, 39 F.3d 412, 418 (2d Cir. 1994) ("[S]peculation will not be indulged and damages will be limited to damages actually proven" (citations omitted)).

9

C.     Attorneys' Fees

Although plaintiffs have not previously referred to DTSA as the basis of an award of attorneys' fees, they argue in their objection that they should be awarded attorneys' fees and costs under this statute.[7] Objection at 12. DTSA permits court to award "reasonable attorneys' fees" to the prevailing party for the misappropriation of a trade secret "if the trade secret was willfully and maliciously misappropriated." 18 U.S.C. § 1836(b)(3)(D). Confronting the reality that legal precedent regarding the definitions of "willful" and "malicious" in the context of DTSA is scarce, plaintiffs have relied on the definitions of "willful" as "done with actual or constructive knowledge of its probable consequences" and "malicious" as "done with intent to cause injury." Objection at 12 (citing 1 Milgrim on Trade Secrets § 1.01 (2018)).

As the R&R makes clear, courts in this Circuit generally find that trademark and copyright infringement may be deemed willful by virtue of a defendant's default. *See Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, No. 12-CV-5354, 2017 WL 10088143, at *5 (E.D.N.Y. Mar. 21, 2017). Plaintiffs argue that defendants acted maliciously by colluding to block Munish from access to proprietary information, denying plaintiffs access to discovery by defaulting in this action, and retaining an attorney only to defend against damages. Objection at

---

[7] On a related issue, the R&R determined that plaintiffs are not entitled to recover attorneys' fees and costs under the Copyright Act because the foreign copyrights at issue are not registered in the United States. R&R at 29. Plaintiffs have not objected to this finding.

10

13. Plaintiffs support their claims with contemporaneous time records, submitted as part of their objections to the R&R and with their Motion for Damages and Attorneys' Fees, that indicate the number of hours worked and detailed the nature of the work performed. Dkts. 126 Ex. D & E, 115 Ex. C.

In any event, the last shots in this battle have apparently not been fired. Judge Tomlinson has recommended that, on the showing plaintiffs have thus far made, their request for attorneys' fees and costs should be denied, but with leave to renew should they believe, in good faith, that they can make a sufficient supplemental showing of their entitlement to such an award. R&R at 30-31. The Court, as previewed above, does accept and adopt this recommendation in its entirety. In their objection, plaintiffs have already availed themselves of the grant of leave to renew their request. Objection at 12. Consequently, promptly after the docketing of this order, plaintiffs will contact judge Tomlinson to work out with her and appropriate scheduling order for their renewal application. This matter is respectfully referred to Judge Tomlinson for that purpose.

<u>Conclusion</u>

In line with the foregoing, Judge Tomlinson's R&R is adopted in its entirety and the opinion and order of the Court, and Plaintiffs' objections are overruled.

So Ordered.
Dated: Brooklyn, New York
      August 3, 2020

                                                */s/ Eric N. Vitaliano*
                                                ERIC N. VITALIANO
                                                United States District Judge